### HAMMITT v. COMMISSIONER OF INTERNAL REVENUE.

No. 5768.

Circuit Court of Appeals, Third Circuit.

Sept. 18, 1935.

George H. McWherter, of Greensburg, Pa., Vincent R. Smith, of Monessen, Pa., and Roland S. Morris and Duane, Morris & Heckscher, all of Philadelphia, Pa., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Carlton Fox, Sp. Assts. to the Atty. Gen., for respondent.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The main facts were stipulated and are substantially as follows: During and prior to the year 1929, the petitioner was a member of the Philadelphia Stock Exchange and conducted his business under the firm name of Hammitt & Co. He engaged in three classes of stock transactions: First, the purchase of securities for resale to customers, in which he made a profit or loss, as the case might be. In this, he acted as a dealer in securities. Second, the purchase of securities on behalf of his customers, in which he was compensated solely by way of commissions. In this he acted as a broker. Third, the purchase and sale of securities, both "long" and "short." In this he claims to have acted as a dealer in securities.

All securities were either purchased by the petitioner in Philadelphia or from five brokerage houses in New York. The securities for the first two classes of transactions, purchased from the five New York brokerage houses, were carried in accounts designated petitioner's "No. 1" accounts. The securities for the third class of transactions, purchased through the five New York brokerage houses, were carried in ac-

counts variously designated petitioner's "No. 2 Long," "No. 2 Short," "Long," "Short," and "Special" accounts. The only records kept of the "long" and "short" transactions were the monthly statement of the New York brokerage houses filed in the Philadelphia office. The petitioner's books of account in the name of Hammitt & Co. did not reflect the "long" and "short" transactions as assets and liabilities of the Philadelphia business. When money was furnished from the funds of Hammitt & Co., either to open accounts with the New York brokers or to provide additional margin, and when withdrawals were received by Hammitt & Co. from the New York brokers, the respective charges and credits on the books of Hammitt & Co. were to the personal account of the petitioner, and were reflected in the net worth or capital worth of the petitioner. In his original income tax return for the year 1929 the petitioner reported a profit and paid a tax thereon. The Commissioner changed the basis of the cost of the securities and assessed a deficiency. Thereupon the petitioner filed an amended income tax return in which he recalculated his tax liability by the use of inventories as to those securities which he had purchased in the first and third classes of transactions. As a result of the use of such inventories, his return showed a loss for the year 1929 rather than a profit. The petitioner, therefore, not only disclaimed his liability for the additional tax, but also claimed a refund of taxes already paid for the year 1929. There is no dispute as to the petitioner's right to use inventories in the first class of transactions, inasmuch as it is conceded that in those transactions he was a dealer in securities. There is likewise no dispute as to the second class of transactions, inasmuch as the petitioner did not claim the right to use inventories as to securities purchased by him as a broker. The controversy is in relation to the use by the petitioner of inventories as to securities purchased by him in the third class of transactions. The Commissioner denied the petitioner the right to inventory those securities on the ground that as to them the petitioner was not a dealer in securities. The Board sustained the Commissioner and directed that the petitioner pay the deficiency assessment. Section 22 (c) of the Revenue Act of 1928, 45 Stat. 791, 799 (26 USCA § 22 (c) under which the right to use inventories is claimed by the petitioner, provides:

"Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income."

Article 105 of Regulations 74, promulgated under authority of the above-quoted section, provides:

(c) " * * * For the purpose of this rule a dealer in securities is a merchant of securities, whether an individual, partnership, or corporation, with an established place of business, regularly engaged in the purchase of securities and their resale to customers; that is, one who as a merchant buys securities and sells them to customers with a view to the gains and profits that may be derived therefrom. If such business is simply a branch of the activities carried on by such person, the securities inventoried as here provided may include only those held for purposes of resale and not for investment. Taxpayers who buy and sell or hold securities for investment or speculation and not in the course of an established business, and officers of corporations and members of partnerships who in their individual capacities buy and sell securities, are not dealers in securities within the meaning of this rule."

Under the terms of the above-quoted regulation, the right to inventory securities is denied when such securities are purchased either for investment or speculation. As we view the facts, the petitioner purchased the securities in the third class of transactions solely for speculation and not for resale to customers in his capacity as a dealer in securities. The facts stipulated, as well as the testimony taken before the Board of Tax Appeals, sustain the Board's findings on this issue. We find no error in the decision of the Board upon the merits of the case.

There is pending before us a motion by the Commissioner to dismiss the petition for review on the ground that it was filed out of time. While there is much to sustain the Commissioner's contention, the

Board's decision may be affirmed upon the merits, and it seems unnecessary, therefore, to base the decision upon the procedural question.

The decision of the Board of Tax Appeals is affirmed.